**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JESSE BRUNER,

    Petitioner,

vs.                                                                                                                                No. CIV 20-0194 JB/KK
                                                                                                                                              No. CR 11-1950 JB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Petitioner's Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief on 28 U.S.C. §§ 2254 or 2255, filed May 18, 2018 (CR Doc. 71)("Motion").[1] Petitioner Jesse Bruner seeks permission to raise successive habeas claims based on newly discovered evidence and new law. Having carefully reviewed the record, the Court concludes that the Motion counts as Bruner's "first" habeas proceeding. Accordingly, he may file an amended petition without authorization, but he must show cause why the amended petition would not be time barred.

**BACKGROUND**

In 2013, Bruner pleaded guilty to possession with intent to distribute 50 kilograms or more of a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See Plea Agreement, filed October 6, 2011 (CR Doc. 24). The Court, the Honorable Judith C. Herrera, now Senior United States District Judge for the United States District Court for the District of New Mexico, sentenced him to 120 months imprisonment. See Judgment in a Criminal Case, filed May 13, 2013 (CR Doc. 55)("Judgment"). Judge Herrera entered the Judgment on the conviction and

---

[1]All docket citations are to the criminal case, CR No. 11-1950 JB.

sentence on May 13, 2013.  See Judgment at 1.  Bruner did not appeal.  The Judgment therefore became final no later than May 28, 2013, following the expiration of the fourteen-day appeal period.  See United States v. Burch, 202 F.3d 1274, 1277 (10th Cir. 2000)(stating that a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (stating that a defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).

On April 25, 2016, Bruner filed a handwritten letter stating that he wished to challenge his conviction under Johnson v. United States, 135 S. Ct. 2551 (2015).  See Untitled Letter from Jesse Bruner to the Honorable Judith C. Herrera (dated April 21, 2016), filed April 25, 2016 (CR Doc. 63)("Letter Motion").  The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, appointed counsel to investigate any claims under Johnson v. United States.  See Order, filed May 16, 2016 (CR Doc. 65)("Order").  Magistrate Judge Khalsa also notified Bruner that she intended to recharacterize the Letter Motion as a 28 U.S.C. § 2255 motion, unless he withdrew it within thirty days.  See Order at 2.  Bruner's counsel timely elected to withdraw the Letter Motion, noting that Bruner had "no legal basis for relief pursuant to Johnson."  Defendant's Withdrawal of Letter Seeking Relief Pursuant to Johnson and § 2255, filed June 16, 2016 (CR Doc. 66).  By an Order entered June 22, 2016, the Judge Herrera approved the withdrawal and dismissed the civil habeas action without prejudice.  See Order of Voluntary Dismissal Without Prejudice, filed June 22, 2016 (CR Doc. 67); Final Judgment, filed June 22, 2016 (CR Doc. 68).

Bruner filed the Motion on May 18, 2018.  See Motion at 1.  He seeks permission, ostensibly from the United States Court of Appeals for the Tenth Circuit, to file a second § 2255

motion.  In the section addressing Bruner's "first" habeas proceeding, he lists the 2016 Letter Motion.  See Motion at 1.  At first, it appears that Bruner directs the Motion to the Court of Appeals and files a courtesy copy of the Motion in the District Court docket.   Having searched the docket for the Tenth Circuit, it does not appear that Bruno has filed his request with the Tenth Circuit.  Accordingly, the Honorable Kenneth J. Gonzalez, United States District Judge for the United States District Court for the District of New Mexico, opened a civil habeas proceeding, see No. CIV 20-0194 JB, to address the Motion.  The civil habeas proceeding relates back to the original filing date, May 18, 2018, and the matter is ready for initial sua sponte review.   This ruling will address two preliminary issues: (i) whether the Motion counts as Bruner's "first" § 2255 habeas proceeding, or whether he needs Court of Appeals permission to file a second or successive habeas proceeding; and (ii) whether the § 2255 claims are time-barred.

## LAW REGARDING SECOND OR SUCCESSIVE § 2255 MOTIONS

The exclusive remedy for testing a judgment and sentence's validity is a habeas proceeding under 28 U.S.C. § 2255.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  The district court automatically has jurisdiction over a defendant's first § 2255 proceeding.  See 28 U.S.C. §§ 2255(h), 2244(a).  Absent prior authorization from the Court of Appeals, however, district courts lack jurisdiction to consider second or successive § 2255 claims.  See 28 U.S.C. § 2255(h); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Court of Appeals] has granted the required authorization.")(quotations omitted).  When a second or successive § 2255 motion is filed in the district court without the required authorization from the Court of Appeals, the district court may dismiss or may transfer the matter to the Court of Appeals

if it determines that transfer is "in the interest of justice pursuant to [28 U.S.C.] § 1631." In re Cline, 531 F.3d at 1252 (quoting Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)).

"The phrase 'second or successive . . .' is a term of art." Slack v. McDaniel, 529 U.S. 473, 486 (2000)(quoting 28 U.S.C. § 2255(h)). "Not every first-in-time § 2255 motion challenging a conviction counts as a 'first' such motion, making a later motion that concerns the same conviction second or successive." United States v. Rejda, 790 F. App'x 900, 903 (10th Cir. 2019)(citing In Haro-Arteaga v. United States, 199 F.3d 1195, 1196 (10th Cir. 1999)).[2] This principle is particularly true where the court never definitively construed a filing under § 2255. See, e.g., Castro v. United States, 540 U.S. 375, 382 (2003)(allowing withdrawal of a habeas petition before recharacterization).

## LAW REGARDING THE § 2255 STATUTE OF LIMITATIONS

A person in federal custody generally must file motions for a writ of habeas corpus within one year after the defendant's conviction becomes final. See 28 U.S.C. § 2255(f). The one-year limitation period can be extended where: (i) "governmental action in violation of the Constitution

---

[2] The Court cites United States v. Rejda herein to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Rejda has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

or laws of the United States" prevented the inmate was from making a motion, 28 U.S.C. § 2255(f)(2); (ii) the motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3); or (iii) the inmate could not have discovered "the facts supporting the claim . . . through the exercise of due diligence," 28 U.S.C. § 2255(f)(4).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. See Clay v. United States, 537 U.S. 522, 524 (2003); United States v. Prows, 448 F.3d at 1227-28. To take advantage of equitable tolling, a movant must show that: (i) he has been pursuing his rights diligently, and (ii) some extraordinary circumstance stood in his way and prevented timely filing. See Lawrence v. Florida, 549 U.S. at 336 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(holding that equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). As part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a . . . habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). Before dismissing the case, however, the habeas petitioner typically must receive notice of the time bar and an opportunity to respond. See, e.g., United States v. Miller, 868 F.3d 1182, 1186 (10th Cir. 2017)(concluding that district courts should allow habeas petitioners to address the time-bar before dismissing the case).

## ANALYSIS

Construed liberally, Bruner's Motion asks the Court to transfer this matter to the Tenth Circuit so that he can seek authorization to file a second or successive § 2255 motion. See Motion

at 1.  Bruner is correct that, absent prior authorization from the Court of Appeal, the district court lacks jurisdiction to consider second or successive § 2255 claims.  See 28 U.S.C. § 2255(h).  Here, however, the 2016 Letter Motion does not count as Bruner's "first" § 2255 motion.  The Honorable Kirtan Khalsa, United States Magistrate Judge for the District of New Mexico, explicitly provided Bruner "an opportunity to withdraw the [2016 Letter Motion]" before it was recharacterized as a § 2255 proceeding.  Order at 2.  In response, Bruner withdrew the Letter Motion, and Judge Herrera dismissed the matter without reaching the merits of his habeas claims.  See Defendant's Withdrawal of Letter Seeking Relief Pursuant to Johnson and § 2255 at 1; Order of Voluntary Dismissal at 2; Final Judgment at 1.  This § 2255 proceeding therefore counts as Bruner's "first" § 2255 proceeding, and there is no sound basis to transfer the matter to the Court of Appeals for authorization to file a second § 2255 proceeding.  Instead, the Court will allow Bruner to file an amended § 2255 motion within thirty days of this Order's entry.   Such amended pleading will relate back to the date of the Motion, May 18, 2018.

Bruner is advised that, even with the benefit of relation back, any habeas claims are likely time-barred.  In this case, the one-year limitation period began to run on May 28, 2013, when the appeal period expired in connection with the Criminal Judgment entered May 13, 2013, and the conviction became final.  See United States v. Burch, 202 F.3d at 1277 (stating that a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (holding that a defendant must file his or her notice of appeal in a criminal case within fourteen days after the judgment's entry).  The docket reflects that there was no tolling activity over the next year, and the limitations period expired on May 28, 2014.  Any amended § 2255 motion must therefore demonstrate why Bruner's § 2255 habeas claims are not time-barred.  Bruner may include his

arguments in the "timeliness" section of the form § 2255 motion or in a separate response, provided the response is also filed within thirty days of this Order's entry. The failure to timely file an amended § 2255 motion and overcome the time-bar will result in dismissal of this action without further notice. See United States v. Mitchell, 518 F.3d 740, 746 (10th Cir. 2008)("AEDPA's time bar . . . may be raised by a court *sua sponte* . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

**IT IS ORDERED** that within thirty days of entry of this Order: (i) Petitioner Bruner shall file an amended 28 U.S.C. § 2255 motion; (ii) Bruner must show cause why the Court should not dismiss his § 2255 motion as time-barred; the show-cause arguments may appear in the "timeliness" section of the form § 2255 motion or in a stand-alone response; and (iii) the Clerk's Office shall mail Bruner a form § 2255 motion.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Jesse Bruner
Beaver, West Virginia

    *Petitioner pro se*