IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BRUNER,

    Petitioner,

vs.                                                                                     No. CIV 20-0194 JB/KK
                                                                                                            No. CR 11-1950 JB

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court because Petitioner Jesse Bruner did not file an amended 28 U.S.C. § 2255 habeas petition. The Court directed Bruner to amend after he submitted an unnecessary request for permission to raise a second/successive 28 U.S.C. § 2255 claim. See Memorandum Opinion and Order at 1, filed March 24, 2020 (Doc. 4)("MOO"); . Because he has not amended his § 2255 petition or responded to the MOO, the Court will dismiss this habeas proceeding without prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

Bruner is incarcerated at Federal Correctional Institution Beckley, in Raleigh County, West Virginia. In 2013, he pled guilty to possession with intent to distribute 50 kilograms or more of a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See Plea Agreement ¶ 3, at 2, filed October 6, 2011 (CR Doc. 24). The Honorable Judith Herrera, now Senior United States District Judge for the United States District Court for the District of New Mexico, sentenced him to 120-months imprisonment. See Judgment in a Criminal Case, filed May 13, 2013 (CR Doc. 55)("Judgment"). Judge Herrera entered the Judgment on the conviction and sentence on May 13, 2013. See Judgment at 1. Bruner did not appeal. The Judgment therefore

became final no later than May 28, 2013, following the expiration of the fourteen-day appeal period. See United States v. Burch, 202 F.3d 1274, 1277 (10th Cir. 2000)(stating that a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A)(stating that a defendant must file a notice of appeal in a criminal case within fourteen days after the entry of judgment).

On April 25, 2016, Bruner filed a handwritten letter stating that he wished to challenge his conviction under Johnson v. United States, 135 S. Ct. 2551 (2015). See Untitled Letter to the Honorable Judith C. Herrera (dated April 21, 2016), filed April 25, 2016 (CR Doc. 63)("Letter Motion"). The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, appointed counsel to investigate any claims under Johnson v. United States. See Order at 1, filed May 16, 2016 (CR Doc. 65)("Order"). Judge Khalsa also notified Bruner that she intended to recharacterize the Letter Motion as a 28 U.S.C. § 2255 motion, unless he withdrew it within thirty days. See Order at 2. Bruner's counsel timely elected to withdraw the Letter Motion, noting that Bruner had "no legal basis for relief pursuant to Johnson." Motion to Withdraw Letter Seeking Relief Pursuant to Johnson and 2255, filed June 16, 2016 (CR Doc. 66). Judge Herrera approved the withdrawal and dismissed the civil habeas action without prejudice. See Order of Voluntary Dismissal Without Prejudice at 1, filed June 22, 2016 (CR Doc. 67); Final Judgment at 1, filed June 22, 2016 (CR Doc. 68).

Bruner initiated this habeas proceeding by filing a Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief on 28 U.S.C. §§ 2254 or 2255 on May 18, 2018 (CR Doc. 71)("Motion"). The Motion seeks permission, ostensibly from the United States Court of Appeals for the Tenth Circuit, to file a second § 2255

motion. In the section addressing Bruner's "first" habeas proceeding, he lists the 2016 Letter Motion. Motion at 1. At first, it appeared that Bruner directed the Motion to the Tenth Circuit and filed a courtesy copy of the Motion in the District Court docket. Having searched the Tenth Circuit's docket, it does not appear that Bruner filed his request with the Tenth Circuit. Accordingly, the Honorable Kenneth Gonzales, United States District Judge for the United States District Court for the District of New Mexico, opened civil habeas proceeding, No. CIV 20-0194 JB, to address the Motion. The civil habeas proceeding relates back to the original filing date, May 18, 2018. See Motion at 1.

On March 24, 2020, the Court screened the Motion and determined that it qualifies as Bruner's "first" § 2255 habeas proceeding. Bruner v. United States, No. CIV 20-0194 JB/KK, 2020 WL 1434271 (D.N.M. March 24, 2020)(Browning, J.). The Court therefore concluded that Bruner does not need permission to file a second or successive habeas proceeding from the Tenth Circuit and allowed him to file an amended § 2255 motion within thirty days of the MOO's entry. See 2020 WL 1434271, at *4. The Court also warned Bruner that any § 2255 claims appear to be time-barred and noted that any amended § 2255 motion must address the time-bar. See 2020 WL 1434271, at *4. The MOO states that "the failure to timely file an amended § 2255 motion and overcome the time-bar will result in dismissal of this action without further notice." 2020 WL 1434271, at *3. The deadline to file an amended § 2255 motion was April 23, 2020. Bruner did not comply with or otherwise respond to the MOO.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 494 F.3d at 1162. These criteria include the degree of actual prejudice to the defendant, the amount of interference with the judicial process, the litigant's culpability, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty.

Justice Ctr., 494 F.3d at 1162.

Here, Bruner did not file an amended § 2255 motion, as the Court ordered in its MOO. In light of this failure, the Court will dismiss this habeas case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The Court declines to address timeliness in this proceeding, and the dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center. The Court advises Bruner that any subsequent § 2255 proceedings will not relate back to the Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief on 28 U.S.C. §§ 2254 or 2255, filed May 18, 2018 (CR Doc. 71).

**IT IS ORDERED** that: (i) the § 2255 habeas proceeding, which the Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief on 28 U.S.C. §§ 2254 or 2255, filed May 18, 2018 (CR Doc. 71; CIV Doc. 1), generates is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jesse Bruner
Federal Correctional Institution Beckley
Beaver, West Virginia

    *Pro se petitioner*